## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                           )

                                   )

       DORIS A. MORRIS             )       CASE NO. 17-31593(1)(7)

                           )

                   Debtor    )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion of Debtor Doris A. Morris ("Debtor") to Avoid Lien. The Court considered Debtor's Motion, the Objection of the Creditor Wheeler Heating & Air Conditioning, Inc. ("Wheeler") and the comments of counsel for the Debtor and Wheeler at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Debtor's Motion. An Order accompanies this Memorandum-Opinion.

## FACTS

On January 22, 2010, Debtor contracted with Wheeler for the purchase and installation of a new furnace at Debtor's residence in the amount of $2,400 (hereinafter referred to as "the Agreement").

Wheeler fully performed the Agreement but Debtor failed to pay Wheeler for its services.

On March 17, 2010, Wheeler notified Debtor by certified mail of its intent to file a Mechanic's and Materialmen's Lien against the Debtor's residence at 1418 Walter Avenue, Louisville, Kentucky. Wheeler filed and recorded the Mechanic's Lien with the Jefferson County Clerk on May 14, 2010, pursuant to KRS § 376.010.

Pursuant to KRS § 376.090, a mechanic's lien "shall be deemed dissolved unless an action is brought to enforce the lien within twelve (12) months from the day of filing the statement in the clerk's office, as required by KRS § 376.080."

On May 13, 2011, Wheeler filed a Complaint in the Jefferson District Court which was assigned Case No. 11-C-005949 ("the Complaint"), against the Debtor for "breach of the Agreement" that Debtor had entered into with Wheeler for the purchase and installation of the furnace at her residence.  Wheeler sought a Judgment against Debtor in the amount of $2,400, post-judgment interest at the rate of 12% until paid in full, its costs and attorney's fees and any and all other relief to which it might appear entitled.  *See*, Exhibit 5 to Wheeler's Objection to Motion to Avoid Lien.

On June 27, 2011, after Debtor failed to answer the Complaint, Wheeler obtained a Default Judgment against Debtor in the amount of $2,400 plus interest at the rate of 12% per annum and court costs.

On July 7, 2011, Wheeler notified Debtor by certified mail that it intended to file a Judgment Lien pursuant to the Default Judgment it obtained against her with regards to the materials and labor it provided to her residence.

On July 21, 2011, Wheeler filed a Notice of Judgment Lien on Real Property in the Jefferson District Court in Case No. 11-C-005949 and recorded the Notice in the Jefferson County Clerk's Office.  The Notice states that Wheeler, based on the Judgment it obtained against Debtor "asserts pursuant to KRS § 426.720 a lien on all real property" owned by Debtor in Jefferson County, Kentucky.  *See*, Exhibit 7 to Wheeler's Objection to Motion to Avoid Lien.

On May 15, 2017, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court. On Schedule D, Debtor listed a secured claim owed to Wheeler in the amount of $2,505.48 secured by her residence.

On July 17, 2017, Debtor filed her Motion to Avoid the Lien of Wheeler pursuant to 11 U.S.C. § 522(f), contending the lien is a judgment lien which impairs Debtor's exemption in her homestead.

On July 24, 2017, Wheeler filed its Objection to Debtor's Motion to Avoid the Lien contending Debtor cannot avoid the lien under 11 U.S.C. § 522(f) because the lien is a statutory lien and not a judgment lien.

## LEGAL ANALYSIS

The issue before the Court is whether Wheeler's Judgment lien that Debtor seeks to avoid under 11 U.S.C. § 522(f) is a judicial lien, which is subject to avoidance, or whether it is a statutory lien which is not subject to avoidance. After consideration of the applicable law to the undisputed facts of the case, the Court concludes the lien is a judicial lien and subject to avoidance under 11 U.S.C. § 522(f).

The Bankruptcy Code specifically defines the terms "statutory lien" and "judicial lien". The term "judicial lien" means a lien obtained by "judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien is a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(53).

-3-

Whether a lien is classified as a judicial or statutory lien is determined by the manner in which the lien arose originally. A statutory lien is one that arises automatically and is not based on an agreement to give a lien or on judicial action. Mechanic's liens are an example of statutory liens. S. Rep. No. 95-989, at 27 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5813. A statutory lien arises without any judicial proceeding and solely by force of statute. If a lien comes into being before the intervention of judicial action, then it is a statutory lien for purposes of the Bankruptcy Code. 9A Am. Jur.2d *Bankruptcy* § 1506 (2017).

In Kentucky, mechanic's liens are created by statute and therefore the operation, extent and rights created by the lien are determined by the language of the statute. Kentucky adheres to the rule that statutory provisions for perfecting a mechanic's lien must be strictly followed. *Laferty v. Wickes Lumber Co.*, 708 S.W.2d 107, 108 (Ky. Ct. App. 1986); *Middletown Engineering Company v. Main Street Realty, Inc.*, 839 S.W.2d 274, 276-77 (Ky. 1992). Kentucky's statutory scheme on mechanic's liens provides a creditor with the means of converting an unsecured debt into a secured debt by complying with certain prescribed steps. The unambiguous procedure for perfecting and enforcing a mechanic's lien is set forth in KRS §§ 376.010, 376.080 and 376.090. A materialmen's lien is created before a lien statement is filed and the filing of the statement serves to perfect the lien that was created at the time the labor or materials were provided. *Metal Sales Mfg. Corp. v. Newton*, 12 S.W.3d 691 (Ky. Ct. App. 1999). An action to enforce the lien must be commenced within one year after the filing of the statement with the clerk. Failure to take any of these steps dissolves the lien. *Lafferty*, 839 S.W.2d at 108.

The Court does not dispute that Wheeler properly filed and perfected a mechanic's lien against Debtor in accordance with Kentucky statutory scheme. The issue in this case is whether the

-4-

Complaint and resulting Judgment complied with the statutory enforcement method for mechanic's liens under § 376.110.

KRS § 376.110 governs actions to enforce mechanic's liens. The statute states that the enforcement action shall be by "equitable proceedings." It requires that the petition allege the facts necessary to secure the lien and "describe the property charged and the interest the plaintiff seeks to subject." The statute also provides, " . . . after the expiration of ten (10) days from the filing of the petition, the clerk of the court in which the petition was filed shall draw up an order referring the action to the master commissioner of the court and file it with the petition, deliver to the commission the pleadings and papers of the action, and make a memorandum thereof in his minute book." KRS § 376.110(1).

A review of the Complaint filed by Wheeler establishes the Complaint was not one to enforce the mechanic's lien but rather an action for breach of the Agreement by Wheeler against Morris. There is no reference whatsoever in the Complaint to the mechanic's lien that Wheeler filed and perfected against Debtor. Instead, the Complaint references the Agreement Debtor entered into with Wheeler for purchase and installation of a new furnace. *See*, par. 3 of Complaint. In paragraph 6 of the Complaint, Wheeler sets forth, "due to the breach of the Agreement by Morris, Wheeler is entitled to recover from Morris $2,400." The prayer for relief requested a personal judgment against the Debtor and does not reference enforcement of the mechanic's lien. Indeed, when Debtor failed to answer the Complaint, a Default Judgment was entered against Debtor stating that Wheeler, "shall have judgment against Defendant Doris A. Morris, for $2,400 plus interest at the rate of 12% per annum and Plaintiff's court costs expended herein for all of which execution may issue there forth." *See*, Default Judgment, Ex. 6 of Wheeler's Objection to Motion to Avoid Lien.

-5-

After obtaining the Default Judgment, Wheeler notified Debtor by letter dated July 7, 2011 that he intended to file a "Judgment Lien" based on the Default Judgment.

On July 21, 2011, Wheeler filed its "Notice of Judgment Lien on Real Property" in the Jefferson County Clerk's Office.  *See*, Ex. 8, Objection of Wheeler.  The Notice states that Wheeler obtained Judgment against Debtor and hereby "asserts pursuant to KRS § 426.720, a lien on all real property situated in Jefferson County, Kentucky in which Judgment Debtor possesses any ownership interest."  KRS § 426.720 makes a final judgment for recovery of money a lien on all real property in which the debtor has an ownership interest.  However, secured creditors who have perfected an interest under Article 9 of the Uniform Commercial Code will take priority over a judgment lien creditor.  *See*, 17 Louise Everett Graham & James E. Keller, Kentucky Practice–Domestic Relations Law § 17:17 (3d  ed. 2008).  Strict adherence to the statutory provisions for perfecting the mechanic's lien is necessary because the lien law confers a right in derogation of common law. *Middletown Engineering Co. v. Main Street Realty, Inc.*, 839 S.W.2d 274 (Ky. 1992).  Here, the Judgment obtained by Wheeler did not identify the mechanic's lien or any specific property owned by Debtor to which it attached.

Kentucky courts have determined that the mechanic's lien statute is not the exclusive remedy of a creditor.   In *Guarantee Elec. Co. v. Big Rivers Electric Corp.*, 669 F.Supp. 1371, 1379-80 (W.D. Ky. 1987), the court stated:

> The primary function of the mechanic's lien is to create a claim by law to secure priority of payment (citations omitted).  The perfected lien operates only as against the property or *in rem*; (citation omitted) and must generally be based upon a contract or written consent.  Ky. Rev. Stat. § 376.010.  The common law action, on the other hand creates no priority of payment, is equitable in nature; (citations omitted) and results in a money judgment against a person or *in personam*.  . . . .

In order to receive the benefits of the mechanic's lien, priority of payment, the creditor must strictly follow the dictates of the statute on the filing of and enforcement of the lien. Strict adherence to KRS § 376.110 results in an *in rem* judgment that entitles the judgment creditor to leap ahead of unsecured creditors.

The fact that Wheeler was not limited in its remedies against Debtor is significant in this case. Had Wheeler enforced its mechanic's lien pursuant to KRS § 376.110, its lien would have received priority treatment over Debtor's unsecured creditors. Here, however, the Complaint filed by Wheeler is clearly an action for breach of the Agreement which resulted in an *in personam* judgment against the Debtor rather than an *in rem* judgment identifying a specific piece of property owned by Debtor which was the subject of the mechanic's lien. Although, Wheeler contends it timely filed an action to enforce the mechanic's lien, in fact its action did not adhere strictly to the terms of KRS § 376.110. Thus, the mechanic's lien dissolved per the terms of KRS § 376.090.

The Court is not choosing form over substance. The Creditor's election of remedies on nonpayment has substantive consequences once the action lands in this Court. Had Wheeler enforced the mechanic's lien pursuant to KRS § 376.110, the Complaint would have been referred to the master commissioner by the clerk and the property necessary to secure the lien would have been specifically identified and, if necessary, set for a hearing pursuant to KRS § 376.120. A review of the Complaint filed herein would not have alerted the clerk that the matter involved a mechanic's lien on a specific piece of realty owned by the Debtor.[1]

------

[1]A sample copy of a Petition to Enforce Mechanic's Lien is in Caldwell's Kentucky Form Book, 5th ed., Petition to Enforce Mechanic's Lien, Form 153.04, and contains the necessary allegations required by KRS 376.110, many of which are not included in Wheeler's Complaint.

The Court is aware of the body of case law espousing the principle that the enforcement action, simply because it requires use of the judicial system, does not automatically convert the statutory mechanic's lien into a judicial lien.  *See*, *In re Newton*, 402 B.R. 771 (Bankr. W.D. Ky. 2009) and the other cases cited by Wheeler in its Objection to the Motion to Avoid Lien at p. 2.  The *Newton* case dealt with a determination by an agency.  The agency's action did not constitute judicial action.  The rest of the cases cited by Wheeler are based on the creditor's strict compliance with the state's statutory enforcement scheme resulting *in rem* judgments subjecting the debtor's specifically identified real property for attachment.  The distinguishing factor in the case at bar is that Wheeler elected to sue the Debtor solely on the Agreement resulting in an *in personam* judgment later filing a judicial lien.  As such, it is subject to avoidance by this Court under 11 U.S.C. § 522(f).

The mechanic's lien priority afforded Wheeler when it filed the mechanic's lien dissolved one year after it was filed pursuant to statute.  Although Wheeler contends it timely instituted an action to enforce the lien, in fact it filed an action for breach of the Agreement against Debtor.  The filing of the Notice of Judgment Lien allowed Wheeler to assert a judgment lien against Debtor's real property pursuant to KRS § 426.720, but this lien is subject to avoidance under 11 U.S.C. § 522(f).

There is no dispute that a mechanic's lien is a statutory lien.  There also is no dispute that Kentucky's statutory scheme on mechanic's lien requires strict adherence to the statutes' dictates. Here, the enforcement statute was not strictly followed.  No reference to the mechanic's lien was made in the Complaint, the Default Judgment, nor the Notice of Judgment Lien on Real Property recorded in Jefferson County Clerk's Office.  More importantly the Default Judgment was an *in*

*personam* judgment against Debtor, not an *in rem* judgment against Debtor's residential property. Simply put, Wheeler elected to pursue the remedy provided to it "at law" versus the remedy provided "in equity." The importance of such election rarely surfaces, but in the case at bar, it is determinative. For these reasons, the lien is a judicial lien and avoidable under 11 U.S.C. § 552(f).

## <u>CONCLUSION</u>

For all of the above reasons, the Debtor's Motion to Avoid Lien, be and hereby is, **GRANTED**. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  September 28, 2017

## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                                    )
                                                          )
      DORIS A. MORRIS                       )          CASE NO. 17-31593(1)(7)
                                                          )
_____Debtor_____)

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Debtor Doris Morris to Avoid the Lien of Creditor Wheeler Heating & Air Conditioning, Inc., be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  September 28, 2017